### 3777.—John Frazier v. Samuel Parsons, Sheriff.

*A sheriff who himself, or through any of his deputies, under the pretense of enforcing a civil process, illegally arrests and imprisons a citizen, and while holding him under duress, illegally seizes and takes away and disposes of his property, is liable to a civil action in damages, the measure of which will be governed by the aggravation and unprovoked character of the conduct of the sheriff or deputy.*

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborn, J. Pierson & Levy,* for plaintiff and appellee. *Jack & Pierson,* for defendant and appellant.

Ludeling, C. J. This is a suit against the sheriff of Natchitoches, for the value of a lot of cotton seized by his deputy, in January, 1871, under a writ of sequestration, in the suit of W. P. Cannon *v.* Thomas Burch, and for damages for the tortious, illegal and oppressive acts of said deputy.

The defendant admits the seizure of the cotton and the arrest of the plaintiff; and he sets up the writ of sequestration as his authority for taking the cotton, and the alleged threats of the plaintiff to resist the seizure as his justification for arresting the plaintiff. There was a verdict in favor of the defendant, who remitted the damages allowed him, and the plaintiff has appealed. The testimony of the witnesses is conflicting on several points, but the following facts seem to be well established:

That Thomas Burch leased a piece of land from W. P. Cannon, for which he was to give Cannon one-half of what he raised on the land; that Cannon advanced to him thirty-seven dollars and fifty cents to make the crop, and that Burch made about six thousand pounds of seed cotton. That Burch hauled the cotton to Frazier's plantation, and sold and delivered it for a fair price, to Frazier, who bought in good faith. That subsequently Cannon sued Burch for the half of the cotton and for the amount advanced, and obtained a writ of sequestration against Burch, in order to prevent him from disposing of the cotton. The writ was placed in the hands of the deputy sheriff, who went to Frazier's plantation to seize the cotton—and he says he did

seize it—and that he appointed one Ryals as keeper, who, however, refused to act as keeper for the sheriff, as he was the agent of Frazier, the plaintiff in this suit. Several days afterwards the deputy sheriff returned to the place—Frazier was then on the place—the deputy sheriff told him he had come to take or seize the cotton belonging to Mr. Cannon. Frazier said there was no cotton there belonging to Cannon, that he had bought the cotton from Mr. Burch and he had paid him for it, and if any one had any right to it, he could sue him for it. The deputy sheriff persisted in seizing and taking the cotton, and angry words passed between them. The deputy sheriff swears that Frazier threatened that there would be bloodshed if any one attempted to enter the house to take the cotton. Frazier swears to the contrary. He is corroborated by several of the laborers who were present, who state they heard what passed between them. And Ryals, the agent or overseer, also declares he heard no threats of violence made by Frazier. Swan, who had come with the deputy, testifies that Frazier said the cotton should not be taken, except by force which he would not be able to resist. Thereupon, the deputy sheriff rode off, leaving Swan behind, and after nightfall he returned with from ten to fifteen men, several of them having shot-guns and some revolvers. They were noisy and boisterous, and some of them at least were under the influence of liquor. Frazier was sitting by a fire indoors, and he was sent for by the deputy sheriff. When he went out of his house, he was arrested by the deputy sheriff, who searched him and then placed him under guard. He was kept under arrest all night and until about noon of the following day. In the meantime the cotton was hauled off. It was ginned, baled, shipped to New Orleans by the sheriff, and sold for his account. The sheriff accounts for the proceeds of the cotton thus :

Dr.

| | | |
|---|---|---|
| To costs of suit | $150 | 59 |
| To cash paid plaintiff (Cannon) | 152 | 85 |
| Total | $303 | 44 |

Cr.

| | | |
|---|---|---|
| By cash on shipment of 3 bales cotton, marked S. P | $ 85 | 35 |
| By net proceeds of cotton in New Orleans | 218 | 09 |
| Total | $303 | 44 |

Thus, the half of the cotton, which Frazier had an unquestioned right to, subject only to the privilege of Cannon for $37 50, at the most, has been absorbed in paying costs in a suit to which he was not a party. Under a writ of sequestration against Burch, property acquired in good faith by Frazier has been forcibly taken from his possession, sent out of the jurisdiction of the court and sold without an

order of court, and the proceeds thereof has been most arbitrarily and illegally distributed by the sheriff. For protesting against the sheriff taking his property, without any process against him, the plaintiff was outrageously insulted and arbitrarily and illegally arrested and deprived of his liberty for about eighteen hours.

Suits in damages against sheriffs, whose duties are delicate, are cautiously entertained, lest the efficiency of the law be impaired ; but the declaration in the constitution, that " the right of the people to be secure in their *persons*, houses, papers and *effects*, against unreasonable searches and *seizures*, shall not be violated," would be a mockery if courts should sanction such a latitude of construction, as is invoked by the defendant for the writ under which he claims to have acted, or if they failed to inflict exemplary damages for the wanton 'abuse of the personal liberty and private rights of property in cases like the present. For the net proceeds of half the cotton, attorney's fees and exemplary damages, we think the plaintiff should recover from the defendant one thousand dollars.

It is therefore ordered and adjudged that the verdict and judgment rendered thereon be set aside, and that there be judgment in favor of the plaintiff against the defendant for one thousand dollars and costs of both courts.

Rehearing refused.